IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CORTES,<br>    *Plaintiff,*<br><br>v.<br><br>GENERAL MOTORS LLC;<br>    *Defendant.* | §<br>§<br>§<br>§  Civil Action No.<br>§<br>§<br>§ |

## GENERAL MOTORS LLC'S NOTICE OF REMOVAL

Defendant General Motors LLC ("New GM") removes this action from the Middlesex County Superior Court to the United States District Court for the District of Massachusetts, Eastern Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and based on the following facts:

## BACKGROUND

1. On August 25, 2016, New GM was served with a Summons and Complaint in an action styled *Deborah Cortes v. General Motors LLC*; Case No. 1681CV02125, filed July 29, 2016 in the Middlesex County Superior Court (the "Action"). Complaint attached as <u>Exhibit A</u> and Summons attached as <u>Exhibit B</u>.

2. This Action arises out of a single-vehicle incident that occurred on September 1, 2014, when Plaintiff Deborah Cortes was operating a 2000 Chevrolet Malibu and her vehicle became engulfed in flames. Compl. ¶¶ Intro., 6. The Complaint states that Plaintiff received a recall notification letter, advising her of "'GM recall 14350' [NHTSA Recall No. 14v400] [and] informing her, for the first time, of an imminent safety risk presented by a defective ignition switch" in the subject Chevrolet Malibu. *Id.* ¶ 16. Plaintiff alleges that New GM "issued [the] safety warning and recalled Plaintiff's vehicle for a defect the same as, or very similar to, the

defect that caused Plaintiff's injuries." *Id.* at Intro. Plaintiff seeks recovery under the theories of negligence and unfair trade practices, including but not limited to double or treble damages, attorneys' fees and costs as provided under G.L. c. 93A § 9. *Id.* ¶¶ 22-35, Prayer for Relief.

3. On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*. Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions. *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as <u>Exhibit C</u>. The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. *Id.* at 2.

4. This Action is one of more than 305 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving allegedly defective ignition switches, including the Chevrolet Malibu. The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas. *See generally* MDL No. 2543; *e.g.* ECF No. 207, 358, and 484 attached as <u>Exhibit D</u> transferring *Abney, et al. v. Gen. Motors LLC*, 14-CV-5810 (S.D.N.Y.) (alleging personal injury claims related to Chevrolet Malibu vehicles, among others); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury

2

plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet Malibu); *Hayes v. Gen. Motors LLC*, 14-CV-10023 (S.D.N.Y.) (alleging more than 60 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet Malibu).

5. As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASIS FOR REMOVAL

6. This Action is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs.

7. Complete diversity of citizenship exists because:

  a. At the time of the incident, Plaintiff was a resident, domiciliary, and citizen of the state of Massachusetts. Compl. ¶ 1;

  b. New GM is not a citizen of Massachusetts. New GM is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Michigan. New GM is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.

8. Thus, as New GM is not a citizen of the same state as Plaintiff, there is complete diversity between the parties.

9. In the context of removal, the amount in controversy for purposes of diversity

3

jurisdiction should be determined by first considering the Plaintiff's complaint. *See Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 220 (D.N.H. 2004). And in a case based in diversity jurisdiction, the defendant must show a "reasonable probability" that the amount in controversy is greater than $75,000. *Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 21 (D. Mass. 2014). If the jurisdictional amount is not facially apparent from the complaint, then a court need look to the notice of removal and any other materials submitted by the removing defendant. *Id.* (quoting *Reynolds v. World Courier Ground, Inc.*, 272 F.R.D. 284, 286 (D. Mass. 2011)).

10. Here, Plaintiff alleges that she was involved in a "life-threatening incident," in which "she was trapped inside her still-operating Vehicle when it spontaneously became engulfed in flames extremely close to Plaintiff's trapped and vulnerable position." Compl. ¶ 14. Plaintiff claims that as a result of the accident, she "suffered severe emotional distress" that has "impaired her ability to thrive and enjoy life." *Id.* ¶ 15. More specifically, the Complaint alleges "the incident exacerbated Plaintiff's chronic COPD and anxiety, Plaintiff is now fearful of auto travel entirely and unable to drive a vehicle herself, Plaintiff suffers from nightmares and insomnia, and suffers from debilitating despair and a low quality of life." *Id.* Plaintiff further contends these are "severe, continuing, permanent physical injuries and emotional distress." *Id.* 32. Plaintiff seeks actual damages against New GM. *Id.* Prayer for Relief.

11. Plaintiff also attached as an exhibit to her Complaint a pre-suit demand letter. *See* Exhibit H to the Compl. In it, Plaintiff demands $85,000 to resolve her claims. *Id.* And with the filing of her Complaint, Plaintiff identified in the Civil Action Cover Sheet "a brief description of [her] injury, including nature and extent of injury" as "$100,000 +". Civil Action Cover Sheet attached as <u>Exhibit E</u>. *See also* Mass. Gen. Laws ch. 212, § 3 (the superior court has exclusive jurisdiction of actions where the amount in controversy is more than $25,000, and noting "where

4

multiple damages are allowed by law, the amount of single damages claimed shall control actions").

12. In addition to Plaintiff's explicit request for damages exceeding $75,000, the Complaint seeks "multiple damages, plus costs, interest and attorney's fees" pursuant to G.L. c. 93A § 9. *See* Compl. ¶¶ 22-26. "[W]hen a plaintiff makes a claim under a statute including a damage multiplier, a court must apply that factor in evaluating the amount in controversy." *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 2013 U.S. Dist. LEXIS 142883, 2013 WL 5405668, at *3 (D. Mass. Sep. 27, 2013). Statutory attorney's fees must also be included. *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979). Thus, given the face of Plaintiff's civil cover sheet identifies "$100,000 +" in single damages, the amount in controversy for removal purposes is clearly met once the Court further considers Plaintiff's demand for multiple damages and attorney's fees.

13. Therefore, this action is one that may be removed to this Court by New GM pursuant to 28 U.S.C. § 1441 as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are met.

## REMOVAL IS TIMELY

14. This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint. 28 U.S.C. § 1446(b). Plaintiff filed suit on July 29, 2016, and New GM was served with the Summons and Complaint on August 25, 2016. *See* Exhibits A and B.

## VENUE

15. The United States District Court for the District of Massachusetts, Eastern Division, is the United States district and division embracing the Middlesex County Superior

Court, where this action was filed and is pending. *See* 28 U.S.C. § 101. Therefore, venue of this removed action is proper in this Court.

## CONSENT

16. New GM is the only defendant named in the underlying suit. Consent is therefore not necessary to remove this action.

## NOTICE TO THE STATE COURT

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Middlesex County Superior Court, where this case was originally filed.

## STATE COURT FILINGS

18. New GM will file certified copies of all records and proceedings in the state court within the time period required by Local Rule 81. New GM's Answer to the Plaintiff's Complaint filed in the state court on September 14, 2016 is attached as Exhibit F.

WHEREFORE, Defendant General Motors LLC respectfully requests that this Action in the Middlesex County Superior Court, be removed to this Court, and that no further proceedings be had in the Massachusetts state court.

Dated this 14th day of September, 2016.

>GENERAL MOTORS LLC
>
>By its attorneys
>
>CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.
>
>/s/ Trevor J. Keenan
>James M. Campbell (BBO# 541882)
>Trevor J. Keenan (BBO# 652508)
>One Constitution Plaza
>Boston, MA 02129
>(617) 241-3000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronically filing with the Clerk of the Court using CM/ECF on September 14, 2016, on **Craig J. Tiedemann** at ctiedemann@massfirm.com.

GENERAL MOTORS LLC

By its attorneys

CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

/s/ Trevor J. Keenan
James M. Campbell (BBO# 541882)
Trevor J. Keenan (BBO# 652508)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000